[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY
The defendant, Mark Stuart, D.M.D., has moved to disqualify all counsel employed by the plaintiff who performed services relating to the above action in which the plaintiff law firm seeks to recover legal fees from the defendant, its former client. He bases his motion on Rule 3.7 of the Rules of Professional Conduct which provides:
Rule 3.7 Lawyer as Witness
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
 (2) The testimony relates to the nature and value of legal services rendered in the case; or CT Page 5252-W
 (3) Disqualification of the lawyer would work substantial hardship on the client.
 (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys." Bergeron v. Mackler, 225 Conn. 391, 397,623 A.2d 489 (1993). Since October, 1986, the conduct of attorneys has been regulated also by the Rules of Professional Conduct. Id.
The defendant argues[1] that he intends to call every attorney in the plaintiff law firm as a witness because each one of them performed services for him in connection with the reinstatement of his professional license, for which services the plaintiff seeks payment in this suit.
The plaintiff argues that the testimony of the lawyers in the plaintiff law firm will pertain to the nature and value of legal services and, therefore, will constitute a specific exception to the prohibition against a lawyer acting as both lawyer and witness. It also argues, in essence, that it is fundamentally unjust that it performed services for the defendant which resulted in the restoration of his professional license, that the defendant now will not pay for the services, and seeks to force it to hire another counsel to prosecute this action.
The exception in 3.7(a)(2) does not apply here. It applies to situations where a lawyer represents a client in litigation and an issue arises at trial as to the value of legal services rendered "in the case" being litigated. The Comment to Rule 3.7 provides:
 Paragraph (a)(2) recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered,
permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue. (Emphasis added).
At issue here are the value of legal services rendered in a prior CT Page 5252-X action and not in the action "in which the testimony is offered".
The plaintiff employs only three lawyers and they all rendered services to the defendant in the prior action. Therefore, disqualification of the lawyers in the plaintiff firm who rendered services to the defendant is the equivalent of disqualification of the firm entirely. This would constitute a substantial hardship to the plaintiff. Such a hardship would rarely be experienced by a larger law firm because a larger firm would, presumably, always have available lawyers who had not worked on a prior case, who could act as attorneys while other members of the firm testified as witnesses.
Against this hardship the court must balance the language of Rule 3.7, which clearly would prohibit any existing lawyer in the plaintiff firm from actually conducting the trial on behalf of the plaintiff. However, Rule 3.7 does not prohibit those lawyers from representing the plaintiff up until the date of the trial. In order to lessen the hardship to the plaintiff the court denies the Motion to Disqualify, but orders the plaintiff to secure separate counsel to act as trial counsel for the plaintiff. That counsel need not be retained immediately, but must be retained at a time sufficiently prior to the trial date in this action to permit that counsel to effectively prepare for such representation.
By the court,
Aurigemma, J.